JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANNA MARIE FRETELUCO,<br><br>    Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., a foreign corporation; DOES 1-10; ROE CORPORATIONS 10-10; inclusive<br><br>    Defendants. | Case No. 2:19-cv-00759-JCM-EJY<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO EMERGENCY MOTION FOR A RULE 35 NEUROPSYCHOLOGICAL EXAMINATION OF PLAINTIFF** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. **FEDERAL RULES OF CIVL PROCEDURE DO NOT GRANT PLAINTIFF AN ABOSOLUTE RIGHT TO HAVE AN OBSERVER PRESENT**

The Federal Rule of Civil Procedure 35 provides a structured procedure for conducting mental or physical examinations. Rule 35 also prescribes certain minimal procedures that the parties must follow with regard to Rule 35 examinations.[1] Other than the examining physician and the party to be examined, Rule 35 does not expressly mention who or what may be present at a mental or physical examination.[2] In fact, Rule 35 examinations are the only discovery devices under the

---

[1] *See* Fed. R. Civ. P. 35(a) (stating court's order must "specific time, place, manner, conditions, and scope of examination").

[2] Fed. R. Civ. P. 35(a)

CLAC 5683131.1

Federal Rules of Civil Procedure that a party may conduct outside of the presence of the examined party's counsel.[3]

Absent a showing of good cause, federal courts have consistently held that a plaintiff ***does not*** have an absolute right to have their attorney, or a third party, present at a Rule 35 examination.[4] These decisions are based on the belief that the attorney's presence would adversely affect the case and examination,[5] or that the presence of a third party would constitute an unnecessary distraction and thereby decrease the scientific value of the examination.[6]

The Federal Rules of Civil Procedure offer no guidance regarding under what circumstances, if any, courts should permit third parties to be present during a Rule 35 examination. Neither the Federal Rules of Civil Procedure nor the United States Supreme Court have enunciated a clear standard for the district courts to use when ruling on such a request. District Courts usually have required the plaintiff to make a showing of good cause for the presence of a third party.[7] Thus, it is the plaintiff's burden to prove that "special circumstances are present which call for a protective order tailored to the specific problems presented."[8] The presumption generally seems to be against permitting third parties to be present at Rule 35 examinations.[9]

### 2. FEDERAL PROCEDURAL LAW APPLIES PURSUANT TO THE *ERIE* DOCTRINE

In diversity of citizenship cases, a federal court applies the forum state's substantive law and federal procedural law. *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). While it is undisputed that the procedural rules or judicial decisions of many states, including Nevada's NRS 52.380, expressly

---

[3] *See* Fed. R. Civ. P. 26(f).

[4] *See Tirado v. Erosa*, 158 F.R.D. 294, 295 (S.D.N.Y. 1994) (relying on omission of right to attorney's presence in Rule 35) (emphasis added).

[5] *See e.g., Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595, 598 (D. Md. 1960).

[6] *See e.g., Shirsat v. Mut. Pharm. Co.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996)

[7] *Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind. 1989)

[8] *Tirado v. Erosa*, 158 F.R.D. 294, 295 (S.D.N.Y. 1994).

[9] *See Cline v. Firestone Tire & Rubber Co.*, 118 F.R.D. 588, 589 (S.D. W.Va. 1988) (stating psychological examination especially condemns presence of plaintiff's attorney).

CLAC 5683131.1

or impliedly allow third parties to be present at the examination,[10] critically, the general principle is that lawsuits pending in federal court *must* follow the Federal Rules of Civil Procedure, even if the parties could bring the identical suit in state court under a different set of procedural rules.[11]

In *Erie R.R. Co. v. Tompkins*, and *Guaranty Trust Co. v. York*, the United States Supreme Court held that federal courts are required to follow state rules in matters that are "substantive" rather than "procedural," or when the matter is "outcome determinative."[12]

In the instant matter, Plaintiff's Opposition argues that NRS 52.380 provides a substantive right to have an observer present at her Rule 35 examination.[13] Plaintiff's Opposition continues by stating that even if NRS 52.380 does not convey a substantive right, this Court should still permit Plaintiff to have an observer present.[14] Essentially, Plaintiff presents an *Erie* argument, contending that equity requires the court to allow the presence of an observer because the observer could be present if this suit were pending before the state court. However, federal courts, including this Court, should not be persuaded by this symmetry argument.[15]

Here, Plaintiff has not presented any federal case law or statute holding that the presence of an observer at Rule 35 examination is "substantive" or "outcome determinative". Instead, Plaintiff cites to *Gensbauer*, arguing that district courts in diversity cases would look to the state civil procedure rule giving person to be examined the right to have counsel or other representative present

---

[10] ECF No. 42 at 9-10: 27- 13..

[11] *Tirado v. Erosa*, 158 F.R.D. at 295; cf. *Hanna v. Plumer*, 380 U.S. 460, 465-74 (1965) (applying Federal Rules of Civil Procedure in federal diversity case)(emphasis added).

[12] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945).

[13] ECF No. 42 at 5:12.

[14] *Id.* at 8:1-2.

[15] *See e.g. Tirado v. Erosa*, 158 F.R.D. at 295 (S.D.N.Y 1994)(stating that federal law generally prohibits presence of counsel during examinations); *Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12, 13 (E.D.N.Y. 1989)(stating that federal courts take "diametrically opposed view" to state courts of third part presence at examinations); *see also* Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d 2236 (1994)(noting that even though state law may permit presence of counsel, federal law denies such a right).

3

during the examination.[16] However, Plaintiff ignores the *Gensbauer* court's distinction of psychological versus physical examinations. Notably, the court stated:

> "I am aware of the rulings in this district finding that parties have no right to have counsel or other observers present during an examination. *See, e.g., Shirsat v. Mutual Pharmaceutical Co.*, 169 F.R.D. 68 (E.D. Pa. 1996) (holding that plaintiff was not entitled to have an observer present during psychiatric examination because it would have been a distraction); *Neumerski v. Califano*, 513 F. Supp. 1011 (E.D. Pa. 1981) (holding that plaintiff has no right to have attorney present at a psychological examination). **These cases, however, involved psychological rather than physical examinations**, which may depend more on "unimpeded one-on-one communication between doctor and patient." *Neumerski*, 513 F. Supp. at 1017 (quoting *Brandenberg v. El Al Airlines*, 79 F.R.D. 543, 546 (S.D.N.Y. 1978)) (emphasis added).[17]

Here, unlike the facts in *Gensbauer*, Defendant's Rule 35 examination performed by Dr. Etcoff is psychological rather than physical. Thus, the court's holding in *Gensbauer* is factually distinguished by the facts of this case.

Furthermore, pursuant to the Legislative Counsel's Digest, the Nevada Rules of Civil Procedure authorize a court to order a party or certain other persons, whose mental or physical condition is in controversy, to submit to a mental or physical examination under certain circumstances.[18] Thus, in an action pending in State court, the Nevada procedural rules govern the time, place, manner, conditions and scope of such an examination.[19]

NRS 52.380 is a Nevada state law that governs the procedure regarding attendance of an observer during Rule 35 examinations. Accordingly, NRS 52.380 – Attendance by observer – falls under the umbrella of the time, place, manner, conditions and scope of the NRCP Rule 35 examination, and thus, has no application in diversity of citizenship cases, as federal procedural law is applied.

NRS 52.380 outlines the procedure for the presence of an observer at a mental or physical examination, pursuant to NRCP 35. In fact, specific language in NRS 52.380 outlines the remedy for

---

[16] ECF No. 42 at p. 6:3-7.

[17] *Gensbauer v. May Dep't Stores Co.*, 184 F.R.D. 552, 553 (E.D. Pa. 1999).

[18] 2019 Nev. ALS 180; *see also* N.R.C.P. 35.

[19] *Id.*

CLAC 5683131.1

the suspension of a Rule 35 examination by directing a party to move for protective order pursuant to the Nevada Rules of Civil Procedure.[20]

Given the above, this court should deny Plaintiff's request to have an observer present pursuant to NRS 52.380 as it relates to the application of procedural rules rather than a substantive right, and thus, Federal law applies.

### 3. DEFENDANT'S EXPERT SHOULD NOT BE COMPELLED TO DISCLOSE TEST QUESTIONS

It is important to note that Defendant's motion for a Rule 35 examination volunteered to "provide the raw data from any tests administered during the examination to Plaintiff's neuropsychological expert."  (ECF No. 40 at page 6 lines 14-15.) Further, it should be pointed out that all of the proposed tests that may potentially be performed by Dr. Etcoff are standardized tests regularly used by neuropsychologists.  Accordingly, there is no need for Dr. Etcoff to disclose the test questions as the Plaintiff's neuropsychologist already has copies of the questions. In other words, Defendant has agreed to provide all the test answers ("raw data") to Plaintiff's neuropsychological expert who already possesses copies of the standardized tests.  (Note: If Plaintiff later asserts that her neuropsychologist does not have access to any of the standardized tests, accommodations can be made for said expert to review the tests at the office of Dr. Etcoff.)

In addition to the fact that Plaintiff's neuropsychological expert already has all of the standardized test questions, it is important to note that the tests are protected by copyright and cannot be disclosed.  At the request of Defense counsel, Dr. Etcoff's staff has provided several examples of the "copyright language" from each of the following tests:

> Wechsler Adult Intelligence Scale IV
> Wechsler Memory Scale – Fourth Edition
> Stroop  CW Test
> Woodcock Johnson Tests of Achievement
> MMPI – 2
> PAI
> MCMI – IV
> Test of Memory Malingering

/ / /

---

[20] *See* NRS 52.380(6).

5

CLAC 5683131.1

A copy of the page of the standardized test containing the "copyright language" will be filed separately as a sealed document as Exhibit "A" pending an Order from the Court granting Defendant's Motion to Seal or, in the alternative, to be provided to the Court for an "*in-camera review*" as may be ordered by the Court.  In the event Plaintiff's attorney wishes to see said exhibit, it will be available for review at the office of Defense counsel during normal business hours.

In summary, in response to the Court's request that this reply brief discuss "whether Defendants expert must disclose test questions with his raw data for review by Plaintiffs expert", Defense counsel contends that Dr. Etcoff must not be compelled to violate the copyright restrictions of the standardized tests.  Further, it is unnecessary to disclose the test questions as Plaintiff's neuropsychologist already has copies of the standardized tests and/or can review them at the office of Dr. Etcoff.

### III.

### CONCLUSION

As stated above, Federal Rule of Civil Procedure governs the mental and physical examinations of a party. NRS 52.380 is Nevada state procedural law that cannot supersede Federal procedural law. Defendant's Rule 35 examination is neither substantive nor outcome determinative and thus, Federal courts are not required to follow state rules or decisions.

Based on the foregoing, Defendant respectfully requests this Honorable Court grant its Emergency Motion for a Rule 35 neuropsychological examination of Plaintiff without the presence of a third party observer.

Dated this 19th day of June, 2020.

COOPER LEVENSON, P.A.

By   /s/ Jerry S. Busby
     Jerry S. Busby
     Nevada Bar No. 001107
     Gregory A. Kraemer
     Nevada Bar No. 010911
     3016 West Charleston Boulevard - #195
     Las Vegas, Nevada  89102
     Attorneys for Defendant
     SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 5683131.1

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 19th day of June, 2020, I did cause a true copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO EMERGENCY MOTION FOR A RULE 35 NEUROPSYCHOLOGICAL EXAMINATION OF PLAINTIFF** to be served via CM/ECF electronic filing upon the following person(s):

    Keith E. Galliher, Jr., Esq.
    THE GALLIHER LAW FIRM
    1850 East Sahara Avenue – Suite 107
    Las Vegas, NV 89104
    Attorneys for Plaintiff

                                By   /s/ Theresa H. Rutkowski
                                       An Employee of
                                       COOPER LEVENSON, P.A.

CLAC 5683131.1