UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANNA MARIE FRETELUCO, | Case No. 2:19-CV-759 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| SMITH'S FOOD AND DRUG CENTERS, INC., | |
| Defendant(s). | |

Presently before the court is Smith's Food and Drug Centers, Inc.'s ("defendant") motion for summary judgment. (ECF No. 26). Anna Marie Freteluco ("plaintiff") filed a response (ECF No. 33), to which defendant did not reply.

Also before the court is plaintiff's appeal (ECF No. 37) of Magistrate Judge Youchah's order (ECF No. 35). Defendant filed a response. (ECF No. 39).

**I.    Background**

The instant action is a slip-and-fall case. Plaintiff was shopping in defendant's store on July 6, 2017, when she slipped on an unknown substance. (ECF No. 1-2 at 4). The substance—a 1-to-2-foot puddle of "thick clear liquid" was at the end of aisle 6. (ECF No. 33 at 4). As a result of the fall, plaintiff sustained, amongst other things, a traumatic brain injury. *Id.*

Notably, security footage shows defendant's employee walked down aisle 6, stopped, and observed the spill 7:07 p.m. and 7:08 p.m. *Id.* at 5–6. The employee did not clean the spill. *Id.* Plaintiff slipped in the puddle at 7:14 p.m. *Id.* at 6.

Plaintiff sued defendant, alleging a single negligence claim, in state court. (ECF No. 1-2). Defendant timely removed to this court based on diversity. (ECF No. 1).

James C. Mahan
U.S. District Judge

## II. Legal Standard

### A. Review of a magistrate judge's order

A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions. LR IB 3-1(b).

Magistrate judges are authorized to resolve pretrial matters subject to the district judge's review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g.*, *Grimes v. Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (quotation marks and citation omitted); *see also Grimes*, 951 F.2d at 241 (finding that under the contrary to law standard, the district judge reviews the magistrate judge's legal conclusions *de novo*).

### B. Summary judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment

is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d

**James C. Mahan**
**U.S. District Judge**

- 3 -

1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**III. Discussion**

**A. Plaintiff's objection to Judge Youchah's order**

Plaintiff noticed defendant's Rule 30(b)(6) witness for deposition. Plaintiff indicated in examination topic #3 that she intended to seek testimony regarding other slip-and-fall incidents at defendant's store for the 18 months prior to her incident. (ECF No. 25-1 at 3). Defendant filed a motion for protective order, arguing that such evidence was not relevant because plaintiff's fall resulted from a temporary condition on the premises. (ECF No. 25). Judge Youchah held a hearing on the motion and held as follows:

> So what the Court is going to do here is grant in part and deny in part Document—excuse me, motion that is Document 25 that is the motion for the protective order, and I want to narrow the subject matter—I'm going back to find the exact wording. The wording, as I have it now, reads, "Smith's management and monitoring of slip-and-fall incidents in the subject store for the 18 months prior to the subject incident."

> What I am asking—what I believe is reasonable and proportionate to the comparative negligence issue in particular is for Smith's to provide to plaintiffs the number of slip and falls that occurred in a two-month period—we will start with that—prior to Ms. Freteluco's fall that were falls that resulted from a substance being on the floor. And to the extent that it can be narrowed to aisle Number 6, it should be. If you can't, then it's for the whole store.

(ECF No. 36 at 42). Plaintiff now appeals Judge Youchah's order. (ECF No. 37).

The court does not find that Judge Youchah's order is clearly erroneous or contrary to law. Plaintiff's arguments to the contrary rest on the assertion that such evidence is relevant to establish notice of the dangerous condition. *See generally id.* In the circumstances of this case, they are not.

First, plaintiff contends that prior slip-and-fall incidents are "relevant and discoverable to show notice or the existence of a dangerous condition." *Id.* at 7. By plaintiff's estimation, the spill in aisle 6 is a permanent condition because "liquid is spilled on the floor at Smith's on a daily basis" and because the floor itself is a permanent condition. *Id.* at 9. Plaintiff further contends that all prior slip-and-fall incidents are relevant because defendant's "mode of operation" is a self-service grocery store. *Id.* at 14–17.

The court finds that Judge Youchah properly applied Nevada law, which directly rejects plaintiff's position. "It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Entm't*, LLC, 180 P.3d 1172, 1175 (Nev. 2008)).

A business owes a duty to its patrons "to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). There are two scenarios when this duty is triggered. The first—where there are "structural, permanent or continuing defect[s]" on the property—imposes a general duty of care on the owner of the property. *Eldorado Club v. Graff*, 377 P.2d 174, 176 (Nev. 1962). The second circumstance is where there is a temporary hazardous condition on the property. *Id.*; *see also Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 ("The presence of a foreign substance on a floor generally is not compatible

James C. Mahan
U.S. District Judge

- 5 -

with the standard of ordinary care."). The owner's duty regarding a temporary hazard varies depending on the condition's cause. *Eldorado Club*, 377 P.2d at 176.

If an agent or employee of the defendant causes the temporary hazardous condition, then "liability may be found upon ordinary agency principles; respondeat superior is applicable, and notice is imputed to the defendant." *Id.* at 175. Alternatively, a defendant may be liable for a temporary hazardous condition caused by third parties if the defendant had either actual or constructive notice of the hazard. *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012).

Judge Youchah properly found that the liquid puddle on the floor was not a permanent condition. Thus, defendant was negligent only if it caused or had notice of the dangerous condition, e.g., the puddle. Plaintiff's attempts to characterize the spill as a permanent condition are unavailing, and her citations to other cases—none of which are binding on this court—are distinguishable from the instant case. Thus, Judge Youchah granting defendant's motion and limiting the scope of plaintiff's request was consistent with Nevada law.

The court now turns to plaintiff's arguments regarding the scope of Judge Youchah's order. Plaintiff argues that evidence of prior slip-and-falls in defendant's store is relevant to rebut comparative negligence and urges that her interest in identifying potential witnesses outweighs potential privacy concerns of the other patrons who slipped and fell at defendant's store. (ECF No. 37 at 10–14).

Judge Youchah properly allowed 2 months of prior slip-and-fall evidence to be discovered, thus allowing plaintiff to rebut defendant's comparative negligence argument. (ECF No. 36 at 42). And Judge Youchah denied plaintiff's request for contact information for other patrons who slipped and fell, but only "until there's some evidence that there is sufficient prevalence within a relevant period of time." *Id.* at 43. Thus, Judge Youchah's decision did not entirely foreclose the possibility of discovering potential witnesses' contact information—she simply required defendant to show that such witnesses would be particularly relevant to this case. That limitation, particularly in light of those individuals' right to privacy, was not clearly erroneous.

**James C. Mahan**
**U.S. District Judge**

- 6 -

Accordingly, Judge Youchah's order was neither erroneous nor contrary to law. The court denies plaintiff's appeal and affirms Judge Youchah's order.

### B. Summary judgment

The court now turns to defendant's motion for summary judgment. As discussed above, plaintiff must show that defendant had and breached a duty to her, which is the legal cause of her damages. *Sanchez*, 221 P.3d at 1280. The parties do not dispute that defendant had a duty "to keep the premises in a reasonably safe condition for use." *Sprague*, 849 P.2d at 322. Similarly, the parties do not dispute that plaintiff's fall was, at least in part, the result of the puddle or that her fall caused her damages.

The only point of contention is whether defendant breached its duty to keep the premises in a safe condition. Judge Youchah explained—and this court agrees—that the puddle plaintiff slipped on was a temporary condition. Thus, defendant breached its duty if an agent or employee of the defendant caused the temporary hazardous condition, *Eldorado Club*, 377 P.2d at 175, or if the defendant had either actual or constructive notice of the hazard. *FGA, Inc.*, 278 P.3d at 496.

Defendant summarily argues that "[t]here is no evidence the store either created or were [sic] on actual or constructive notice of the substance on the floor before [plaintiff's] fall." (ECF No. 26 at 3). However, as the Nevada Supreme Court has noted, "[f]requently, positive evidence is not available to explain the presence of such foreign substance, and the trier of fact is called upon to draw such reasonable inferences as are permitted from the evidence offered in this regard." *Eldorado Club*, 377 P.2d at 175.

Here, plaintiff provides compelling circumstantial evidence that defendant was on notice of the spill. Security footage shows defendant's employee walked down aisle 6, stopped, and observed the spill 7:07 p.m. and 7:08 p.m. (ECF No. 33 at 5–6). The employee did not clean the spill. *Id.* Plaintiff slipped in the puddle at 7:14 p.m., only six minutes later. *Id.* at 6.

Accordingly, there is a genuine issue of material fact regarding whether defendant was on notice of the puddle. Defendant's motion is denied.

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's appeal (ECF No. 37) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Judge Youchah's order (ECF No. 35) be, and the same hereby is, AFFIRMED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 26) be, and the same hereby is, DENIED.

DATED July 20, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**