THE GALLIHER LAW FIRM
Keith E. Galliher, Jr., Esq.
Nevada Bar No. 220
George J. Kunz, Esq.
Nevada Bar No. 12245
Kathleen H. Gallagher, Esq.
Nevada Bar Number 15043
1850 East Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
Telephone: (702) 735-0049
Facsimile: (702) 735-0204
kgalliher@galliherlawfirm.com
gkunz@lvlawguy.com
kgallagher@galliherlawfirm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANNA MARIE FRETELUCO,<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., a foreign corporation; DOES 1-10; ROE CORPORATIONS 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-00759-JCM-EJY<br><br>**PLAINTIFF'S MOTION TO STRIKE / EXCLUDE DEFENDANT'S REBUTTAL EXPERT LEWIS M. ETCOFF, PH.D.** |

Anna Freteluco ("Anna" or "Plaintiff") hereby submits her Motion to Strike / Exclude Defendant's Rebuttal Expert Lewis M. Etcoff, Ph.D.

//

//

*(left margin, vertical text)* THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

1

This Motion is based upon and supported by the following memorandum of points and authorities, the pleadings and papers on file, the exhibits attached hereto, and any argument that the Court may allow at the time of hearing.

DATED this 15th day of October, 2020

THE GALLIHER LAW FIRM

_____
Keith E. Galliher, Jr., Esq.
Nevada Bar Number 220
Kathleen H. Gallagher, Esq.
Nevada Bar Number 15043
1850 E. Sahara Avenue, Ste. 107
Las Vegas, Nevada 89104
*Attorneys for Plaintiff*

## AFFIDAVIT OF KEITH E. GALLIHER, JR, ESQ. IN COMPLIANCE WITH LR 26-6(c)

**STATE OF NEVADA**       )
                                          ) ss:
**COUNTY OF CLARK**       )

**KEITH E. GALLIHER, JR., ESQ.,** being first duly sworn, deposes and states as follows:

1) I am an attorney licensed to practice law in the State of Nevada and in that capacity represent the Plaintiff, Anna Freteluco, in connection with the above-referenced lawsuit.

2) On October 15, 2020 I spoke with defense counsel about the instant motion.

3) I explained to defense counsel that Plaintiff did not designate Dr. Fazzini as an initial expert and Dr. Etcoff's "rebuttal" opinions related to Dr. Fizzini were therefore improper initial opinions.

4) I further explained that Dr. Roitman did not come to a conclusion about Anna's psychiatric state and that Dr. Etcoff's opinions about Anna's psychiatric state were therefore initial, not rebuttal opinions and were similarly improper.

//

//

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

2

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

5)   After some discussion it became apparent that we would not be able to agree and the instant motion is therefore necessary.

**DATED** this 15th day of October, 2020.



_____
KEITH E. GALLIHER, JR, ESQ.

Subscribed and Sworn to before me

this 15th day of October, 2020.

DEENA P. MOONEY
Notary Public-State of Nevada
Appointment No. 98-4745-1
My Appointment Expires Sept. 21. 2022

## MEMORANDUM AND POINTS OF AUTHORITIES

### I.   FACTUAL BACKGROUND

This case arises out of an incident that occurred at Smith's grocery store on July 7, 2017. On that day Plaintiff Anna Freteluco ("Anna" or "Plaintiff") was walking down the laundry aisle when she slipped and fell on a thick clear liquid which caused her to slam hard into the ground.[1] Since the fall, Anna experienced nausea, confusion, left eye pain, blurry vision, fainting, brain pain, stuttering for three months, left ear pain, seizures, disorientation, dizziness, brain pressure, poor balance, tinnitus, fragmented memories, short term memory loss, green sparks in her vision and facial numbness as well as neck and low back pain with radiation into her upper and lower extremities.[2]

On the initial expert disclosure deadline, the Defense choose not to disclose any experts.[3]

Plaintiff, on the other hand, submitted her initial expert disclosures with the following experts:

1.   Dr. Robert Milford, M.D., a neurologist;

2.   Dr. Jason Garber, M.D., a neurosurgeon;

3.   Dr. Aaron Filler, M.D., a neurosurgeon;

---

[1] ECF No. 27 at Exhibit 1 at 35:2-8, 55:24-25.
[2] ECF No. 22 at 56:12-57:1.
[3] ECF No. 20 at 4:2-3

3

4.      Dr. Norton A. Roitman, M.D., a psychiatrist;

5.      John Peterson, a safety and health expert.[4]

Anna's treating doctor, Enrico Fazzini, D.O., diagnosed Anna with Posttraumatic Stress Disorder related to her fall.[5] Anna did not designate Dr. Fazzini as an expert.[6]

Anna's expert Dr. Roitman wrote a 1-page report that concluded:

As she presents, Ms. Freteluco's symptoms can be explained as manifestations of an acquired, accident-related neurocognitive disorder that unifies her complaints that onset after the fall at Smith's. More workup will be necessary to identify the nature of her disorders and disabilities more clearly. Therefore at this juncture, **I cannot offer an opinion regarding Ms. Freteluco's psychiatric diagnosis but will be better prepared to do so once more medical data is available.**[7]

On January 3, 2020 the Defense made a motion to strike/exclude plaintiff's future damages supported by her initial expert disclosures.[8]

On April 20, 2020 the parties appeared for a hearing.[9] The Honorable Magistrate Judge Youchah ruled that "discovery has been reopened for the limited purpose of allowing defendant to retain rebuttal experts and to take an IME of plaintiff within the next 90 days..."[10] The Honorable Magistrate Judge Youchah made clear that the Defense must "produce rebuttal expert reports during the 90-day period."[11]

On July 12, 2020 the Defense got their rebuttal expert report from their expert, Dr. Lewis Etcoff.[12]

On July 19, 2020 the expert disclosure deadline passed with no disclosures from the Defense.

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

---

[4] ECF No. 48-1.
[5] See, e.g. ECF No. 48-3 at 32.
[6] ECF No. 48-1 at 1-31.
[7] ECF No. 48-2 at 3.
[8] ECF No. 20.
[9] ECF No. 36.
[10] Id. at 49:1-2.
[11] Id. at 49:22-23.
[12] ECF No. 48-3 at 7.

On <u>July 20, 2020,</u> a day after the extended deadline and eight days after they received his report, the Defense disclosed Dr. Lewis Etcoff as a rebuttal expert.[13]

Defense hired Dr. Etcoff "to rebut Dr. Enrico Fazzini's neurological opinions and Dr. Norton Roitman's psychiatric opinions..."[14]

Dr. Etcoff did a myriad of tests on Anna and diagnosed her with:

V65.2 (Z76.5) Malingering [of Neurocognitive Dysfunction]
300.82 (F45.I) Somatic Symptom Disorder, persistent, moderate
V15.41 (Z62.810) Past History of Physical Abuse in Childhood
V15.42 (Z62.81 l) Past History of Psychological Abuse in Childhood
Vl5.41 (Z62.810) Past History of Sexual Abuse in Childhood
Vl5.41 (Z91.410) Past History of Spouse Violence, Physical
Vl5.41 (Z91.410) Past History of Spouse Violence, Sexual[15]

Dr. Etcoff also opined that Anna "has presented to doctors with symptoms consistent with a Conversion Disorder..."

Dr. Etcoff opined :

... Ms. Freteluco did not sustain a subject accident-related neurocognitive disorder nor did her slip-and-fall accident at Smith's cause her to develop Posttraumatic Stress Disorder[16], specifically because the accident was not life-threatening by any stretch of the imagination. There is considerable neuropsychological and clinical psychological evidence in this evaluation that Ms. Freteluco is grossly exaggerating her cognitive and motor difficulties. She has also not been truthful with her treating doctors. As such, a diagnosis of Malingered Cognitive Dysfunction is appropriate.[17]

//

//

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

---

[13]  ECF No. 48-3 at 2:3.

[14]  ECF No. 48-3 at 6

[15]  ECF No. 48-3 at 29.

[16]  This was a diagnosis of Plaintiff's treating doctor, Dr. Fazzini and not the opinion of any of Plaintiff's experts.

[17]  ECF No. 48-3 at 32-33.

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

## II.    LEGAL ARGUMENT

### A.    Legal Standard for Rebuttal Expert Opinions

The rebuttal date is not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.[18] Rebuttal expert testimony is limited to presenting evidence that "is intended solely to contradict or rebut evidence of the same subject matter identified by an initial expert witness."[19] Such testimony "cannot be used to advance new arguments or new evidence."[20]

Rebuttal testimony must "explain, repel, counteract, or disprove evidence of the adverse party."[21] Or stated a bit differently, "[t]he proper function of rebuttal evidence is to contradict, impeach or diffuse the impact of evidence offered by an adverse party."[22]

"[R]ebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case."[23] Rebuttal experts "must restrict their testimony to attacking the theories offered by the

[18] <u>Amos v. Makita U.S.A., Inc.</u>, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011) (citing <u>Sierra Club Lone Star Chapter v. Cedar Point Oil Co., Inc.</u>, 73 F.3d 546, 571 (5th Cir. 1992)).

[19] <u>Id.</u> (citing <u>Lidner v. Meadow Gold Dairies, Inc.</u>, 249 F.R.D. 625, 635-36 (D. Haw. 2008) (quoting Fed.R.Civ.P. 26(a)(2)(c))).

[20] <u>Id.</u>; see also <u>Larson v. Wisc. Cent. Ltd.</u>, 2012 WL 368379, at *4 (E.D. Wis. Feb. 3, 2012) (same); <u>Baldwin Graphic Sys., Inc. v. Siebert, Inc.</u>, 2005 WL 1300763, at *2 (N.D. Ill. Feb. 22, 2005) ("The rebuttal report is no place for presenting new arguments").

[21] <u>United States v. Lamoreaux</u>, 422 F.3d 750, 755 (8th Cir. 2005); see also <u>Peals v. Terre Haute Police Dep't</u>, 535 F.3d 621, 630 (7th Cir .2008) ("The proper function of rebuttal evidence is to contradict, impeach, or defuse the impact of evidence offered by an adverse party"); <u>Faigin v. Kelly</u>, 184 F.3d 67, 85 (1st Cir. 1999) ("The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case").

[22] <u>Danganan v. Am. Family Mut. Ins. Co.</u>, No. 217CV02786RFBPAL, 2018 WL 3660198, at *3 (D. Nev. Aug. 2, 2018) (quoting <u>Peals v. Terre Haute Police Department</u>, 535 F.3d 621, 630 (7th Cir. 2008)).

[23] <u>R&O Const. Co. v. Rox Pro Int'l Group, Ltd.</u>, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) (citing <u>In re President's Casinos, Inc.</u>, 2007 WL 7232932, at* 2 (E.D.Mo. May 16, 2007) (quoting <u>Cates v. Sears, Roebuck & Co.</u>, 928 F.2d 679, 685 (5th Cir.1991))).

adversary's experts"[24] i.e. the testimony "must address the 'same subject matter' identified by the initial expert."[25]

Rebuttal testimony "is not an opportunity for the correction of any oversights in the [party's] case in chief."[26] "If the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one.'"[27]

Where a party attempts to designate as a "rebuttal" expert someone whose proposed testimony is beyond the scope of appropriate rebuttal, that witness may and should be viewed as an initial expert who was not timely designated and whose testimony may be stricken by the Court for violating Rule 26(a) and the Court's governing scheduling order.[28]

## B.   Dr. Etcoff Cannot Rebut Dr. Fazzini Because Plaintiff Did Not Designate Dr. Fazzini As an Initial Expert

A rebuttal expert, by definition, can only "rebut" an initial expert. Dr. Etcoff states the Defense hired him to rebut Dr. Fazzini, however, Plaintiff did not designate Dr. Fazzini as an initial expert. Dr. Fazzini is a merely a doctor who treated Plaintiff. Because Plaintiff did not designate Dr. Fazzini as

---

[24] <u>Downs v. River City Grp., LLC</u>, No. 3:11-CV-00885-LRH, 2014 WL 814303, at *5 (D. Nev. Feb. 28, 2014)

[25] <u>Nevada v. United States Dep't of the Treasury-Internal Revenue Serv.</u>, No. 216CV00665APGGWF, 2017 WL 277399, at *3 (D. Nev. Jan. 18, 2017) (citing <u>LaFlamme v. Safeway, Inc.</u>, 2010 WL 3522378, *2 (D.Nev. Sept. 2, 2010) (quoting <u>Trowbridge v. United States</u>, 2009 WL 1813767 at *11 (D. Idaho June 25 2009))).

[26] <u>Crowley v. Chait</u>, 322 F. Supp. 2d 530, 551 (D.N.J. 2004); see also <u>Danganan</u>, 2018 WL 3660198, at *3 (citing <u>Marmo v. Tyson Fresh Meats, Inc.</u>, 457 F.3d 748, 759 (8th Cir. 2006)) ("Rebuttal evidence may be introduced to challenge the evidence or theory of an opponent, but may not be used to establish a case-in-chief.")

[27] <u>R&O Const. Co.</u>, 2011 WL 2923703, at *2 (citing <u>Amos</u>, 2011 WL 43092, at *2 (quoting <u>In re Apex Oil Co.</u>, 958 F.2d 243, 245 (8th Cir .1992)); <u>Morgan v. Commercial Union Assur.</u> Cos., 606 F.2d 554, 556 (5th Cir.1979); <u>LaFlamme v. Safeway, Inc.</u>, 2010 WL 3522378, at *3 (D.Nev. Sep.2, 2010)).

[28] See, e.g., <u>Donell v. Fidelity Nat'l Title Agency of Nev.</u>, No. 07–00001, 2012 WL 170990, at *4 (D. Nev. Jan. 20, 2012) ("[I]t is clear that Brooks was always intended to testify as an initial expert witness for the Plaintiff. Plaintiff failed to designate him as an initial expert and is now improperly attempting to use him as a rebuttal expert to obtain an extension of the deadline for designating an initial expert").

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

an expert, Dr. Etcoff's criticisms of Dr. Fazzini – including that Dr. Fazzini was wrong when he diagnosed Anna with PTSD related to the fall – are "initial" not "rebuttal" opinions. At the hearing in April, the Honorable Magistrate Judge Youchah was very clear the Defense was only allowed to retain rebuttal experts. Because Dr. Etcoff's opinions about Dr. Fazzini are initial, not rebuttal opinions, they must excluded.

### 1. Dr. Etcoff's Opinions About Dr. Roitman Must Be Excluded Because Dr. Roitman Did Not Offer an Opinion on Anna's Psychiatric State and Dr. Etcoff Therefore Has Nothing to Rebut

Dr. Etcoff is supposedly a rebuttal expert to Dr. Roitman. Dr. Roitman opined that "I cannot offer an opinion regarding Ms. Freteluco's psychiatric diagnosis…" because "More workup will be necessary to identify the nature of her disorders and disabilities." In other words, Dr. Roitman did not offer an opinion about Anna's psychiatric condition. Dr. Etcoff's opinions about Anna's psychiatric condition are therefore initial opinions because they do not rebut, address or contradict Dr. Roitman's opinions.

The only opinions Dr. Etcoff offers related to Dr. Roitman are:

1. "Dr. Roitman's evaluation of Ms. Freteluco on 12/15/19 appeared to rely on Dr. Filler's reading of Ms. Freteluco's MRI brain…"[29];

2. "I am not at all certain that Dr. Roitman was given a full set of discovery records prior to his forming his psychiatric opinion."[30];

3. A summary of Dr. Roitman's report with Etcoff's comments in *[brackets and italics]*:

   a. "She is often unfocused, disorganized, and reported obsessions *[NOTE: The first time I saw such a report in her records]* which occurred following the fall."[31]

---

[29] ECF No. 48-3 at 32.

[30] Id.

[31] ECF No. 48-3 at 46.

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

b. "She complains of intermittent disorientation and atypical perceptions. She sleeps poorly, *[NOTE: This appears to be a new symptom]* has trouble acquiring new information and retrieving memories."[32]

c. "She often feels detached and entertains unpleasant thoughts. *[NOTE: These appear to be new symptoms.]*"[33]

Dr. Etcoff never says Dr. Roitman is wrong. Rather Dr. Etcoff summarize's Dr. Roitman's report then goes onto offer new diagnoses that Anna is malingering (of neurocognitive dysfunction), has a somatic symptom disorder i.e. significant focus – excessive thoughts, feelings and behaviors – on her physical symptoms that causes major distress and/or problems functioning and that Anna has a past history of physical, sexual and psychological abuse in childhood, and spousal physical and sexual violence. These brand-new diagnoses do not contradict Dr. Roitman's opinions because Dr. Roitman opined he could not offer any opinions. Beyond that, the diagnoses about Anna's history are irrelevant because Dr. Etcoff does not link them to Anna's psychiatric state.

Finally, Dr. Etcoff opines Anna is "grossly exaggerating her cognitive and motor difficulties."[34] By motor difficulties, Dr. Etcoff is means Anna's grip and gait, how fast Anna can tap her fingers, how long Anna can balance on one foot and Anna's ability to walk on her toes, put her fingers to her nose, and throw and catch a ball.[35] Even if, for sake of argument, Dr. Roitman opined on Anna's cognitive state, he did not, opine on her physical condition. Dr. Roitman could not not opine on Anna's physical condition if he wanted to because he did not perform any physical tests on Anna; Dr. Roitman only interviewed Anna and reviewed her psychiatric questionnaire. Because Dr. Roitman did not opine on Anna's motor functions, Dr. Etcoff's opinions on Anna's motor functions are improper initial opinions which must be excluded.

---

[32] Id.

[33] Id.

[34] ECF No. 48-3 at 33.

[35] ECF No. 48-3 at 19-20.

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

In sum, rebuttal opinions must contradict or rebut the initial expert's opinions. Because Dr. Roitman was unable to offer any opinions about Anna's psychiatric condition Dr. Etcoff had nothing to rebut. Dr. Etcoff's brand new diagnoses related to Anna's psychiatric state are therefore improper initial opinions and must be excluded.

## III.  CONCLUSION

Based on the foregoing, Anna respectfully requests this Court grant her motion to strike / exclude defendant's rebuttal expert Lewis M. Etcoff, M.D.

DATED this 15th day of October, 2020

THE GALLIHER LAW FIRM

Keith E. Galliher, Jr., Esq.
Nevada Bar Number 220
Kathleen H. Gallagher, Esq.
Nevada Bar Number 15043
1850 E. Sahara Avenue, Ste. 107
Las Vegas, Nevada 89104
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of THE GALLIHER LAW FIRM and that service of a true and correct copy of the above and foregoing **PLAINTIFF'S MOTION TO STRIKE / EXCLUDE DEFENDANT'S REBUTTAL EXPERT LEWIS M. ETCOFF, PH.D.** was served on the 15th day of October, 2020, to the following addressed parties by:

\_\_\_\_\_ First Class Mail, postage prepaid from Las Vegas, Nevada pursuant to N.R.C.P 5(b)

\_\_\_\_\_ Facsimile, pursuant to EDCR 7.26 (as amended)

\_\_x\_\_\_ Electronic Mail/Electronic Transmission

\_\_\_\_\_ Hand Delivered to the addressee(s) indicated

\_\_\_\_\_ Receipt of Copy on this \_\_\_\_\_ day of _____, 2019,

acknowledged by, _____

Jerry S. Busby, Esq.
Gregory A. Kraemer, Esq.
COOPER LEVENSON, P.A.
3016 W. Charleston Blvd., Suite 195
Las Vegas, Nevada 89102

An employee of THE GALLIHER LAW FIRM

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

11