UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANNA MARIE FRETELUCO,

        Plaintiff,

    v.

SMITH'S FOOD AND DRUG CENTERS, INC., a foreign corporation; DOES 1-10; ROE CORPORAITONS 1-10; inclusive,

        Defendants.

Case No. 2:19-cv-00759-JCM-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion to Strike/Exclude Defendant's Expert Lewis M. Etcoff, Ph.d. (ECF No. 52), the Response to Plaintiff's Motion to Strike/Exclude Defendant's Expert Lewis M. Etcoff, Ph.d. (ECF No. 58), and Plaintiff's Reply in Support of her Motion to Strike/Exclude Defendant's Expert Lewis M. Etcoff, Ph.d. (ECF No. 61).

**I.    Background**

On April 20, 2020, at a hearing on two motions (*see* Transcript at ECF No. 36), and on June 29, 2020, on a written order (ECF No. 46), the Court Ordered and affirmed that the discovery period was reopened for a 90 day period allowing Defendant time to retain and disclose rebuttal experts *and* an Independent Medical Examination ("IME") pursuant to Fed. R. Civ. P. 35.  Dr. Lewis Etcoff was originally designated by Defendant as an IME pursuant to Rule 35 for purposes of his proposed neuropsychological examination of Plaintiff.  ECF Nos. 40 and 44.  On July 20, 2020, Defendant timely disclosed and produced a report from Dr. Etcoff identifying him as a rebuttal expert.  ECF No. 48-3 at 2-33.[1]  In response to Plaintiff's instant Motion to Strike, Defendant again identified Dr. Etcoff as a "rebuttal expert."  ECF No. 58.  This distinction is important because Plaintiff's Motion

---

[1] The parties disagree regarding whether the disclosure of Dr. Etcoff was timely.  Because July 19, 2020 was a Sunday, the Court finds Dr. Etcoff's disclosure on July 20, 2020 was timely.

to exclude Dr. Etcoff is based on the premise that, as a rebuttal expert, Dr. Etcoff's testimony must be limited to contradicting or rebutting evidence presented by an initially disclosed expert.  ECF No. 52 at 6 (and citations therein).

Thus, Plaintiff avers that Dr. Etcoff cannot rebut any diagnosis or opinions given by Plaintiff's treating physician Dr. Fazzini because Dr. Fazzini was not designated as either a retained or non-retained expert pursuant to Fed. R. Civ. P. 26(2)(B) or (C).  ECF No. 52 at 7-8.  Plaintiff further argues that Dr. Etcoff cannot be offered to rebut any opinions offered by Dr. Roitman, who was designated as a retained expert, because Dr. Roitman offered no opinion on Plaintiff's psychiatric diagnosis.  ECF Nos. 48-1 at 15 and 52 at 8.[2]

Plaintiff's Initial Expert Disclosures states that Dr. Roitman "will testify as a retained treating expert in his capacity as a medical physician who provided medical care to Plaintiff, [sic] following the subject fall."  ECF No. 48-1 at 15.  The disclosure goes on to state that Dr. Roitman (misidentified as Dr. Garber at *id.*) will "give expert opinions regarding the treatment of Plaintiff, the necessity of the treatment rendered, the causation of the necessity for past and future medical treatment, his expert opinion as to past and future restrictions of activities, including work activities, caused by the fall, … the cost of past and future medical care and whether those medical costs fall within the ordinary and customary charges for similar medical care and treatment, and whether Plaintiff has a diminished work life expectancy, work capacity, and/or life expectancy as a result of the fall."  *Id*.  Plaintiff attached a single page letter written by Dr. Roitman to Plaintiff's counsel, dated December 15, 2019, to her Initial Expert Disclosure.  ECF No. 48-2 at 3.  As explained below, this disclosure does not meet the requirements of Fed. R. Civ. P. 29(a)(2)(B) for retained experts.  Nevertheless, Dr. Roitman's letter states, in pertinent part, that:

> [b]ased on Ms. Freteluco's history and mental status examination, she hasn't been doing well. … As she presents, Ms. Freteluco's symptoms can be explained as

---

[2]    Plaintiff attaches no exhibits to her instant Motion (ECF No. 52), but refers the Court to her previously filed motion at ECF No. 48, which seeks to strike another of Defendant's experts.  ECF No. 48 is 363 pages long of which approximately 345 pages are exhibits.  ECF No. 48 is neither indexed nor searchable in violation of Local Rule IC 2-2 titled "Filer Responsibilities When Electronically Filing Document," and Local Rule IA 10-3(d) titled "Exhibits."  LR IA 2-2 states in section (a)(1): "To be filed in the electronic filing system, all documents must be in a searchable Portable Document Format (PDF), except that exhibits and attachments to a filed document that cannot be imaged in a searchable format may be scanned."  LR IA 10-3(d) states: "An index of exhibits must be provided."  Plaintiff is strongly advised to become familiar with and follow Local Rules.

> manifestations of an acquired, accident-related neurocognitive disorder that unifies her complaints that onset after the fall at Smith's.  More workup will be necessary to identify the nature of her disorders and disabilities more clearly.  Therefore at this juncture, I cannot offer an opinion regarding Ms. Freteluco's psychiatric diagnosis but will be better prepared to do so once more medical data is available.

ECF No. 48-2 at 3.  Plaintiff further discloses that Dr. Roitman "will testify as a rebuttal expert to any medically designated defense experts in which he is qualified."  ECF No. 48-1 at 16.

Plaintiff contends that Dr. Etcoff's report must be struck because he offers "new diagnoses that … [Plaintiff] is malingering …, has a somatic symptom disorder …, physical symptoms that causes [sic] major distress and/or problems functioning and that … [Plaintiff] has a … history of physical, sexual and psychological abuse in childhood, and spousal physical and sexual violence."  ECF No. 52 at 9.  Plaintiff calls all of this "brand-new diagnoses" that do not contradict any of Dr. Roitman's opinions "because Dr. Roitman opined he could not offer any opinions."  *Id*.  Plaintiff complains that Dr. Etcoff's opinions are irrelevant because he did not link his opinions to Plaintiff's "psychiatric state."  *Id*.  Plaintiff also argues that Dr. Etcoff's opinions regarding Plaintiff's exaggeration of "her cognitive and motor difficulties" must be struck because even if Dr. Roitman opined on Plaintiff's "cognitive state, he did not[] opine on her physical condition."  *Id*.  Plaintiff argues Dr. Roitman could not have opined on Plaintiff's physical state because he did not do a physical examination of Plaintiff.  *Id*.  Instead, he "reviewed her psychiatric questionnaire."  *Id*.  Thus, Plaintiff claims that Dr. Etcoff's opinions on Plaintiff's "motor functions are improper initial opinions which must be excluded."  *Id*.

In opposition to Plaintiff's Motion, Defendant argues that Plaintiff made late and unsupported disclosures of estimated future medical expenses, that have never been adequately explained or justified.  ECF No. 58 at 3.  Defendant also argues that Plaintiff attempted to prevent the Rule 35 independent medical exam of Plaintiff requiring court intervention.  *Id*.  Plaintiff points out that Plaintiff's expert, Dr. Garber, stated Plaintiff needed neuropsychological testing, which Dr. Etcoff did as a Rule 35 IME, but that Plaintiff now claims the report by Dr. Etcoff is not rebuttal even though Plaintiff's expert, Dr. Roitman, responded to Dr. Etcoff's report.  *Id*. at 4 citing ECF No. 58-2 at 2-32 (an August 26, 2020, 29 page letter from Dr. Roitman to Plaintiff rebutting Dr. Etcoff's report).  Defendant also complains that Plaintiff has "dozens" of healthcare providers who

1    may testify at trial, but failed to describe the testimony each will provide with specificity. *Id*. at 4-

2    5. This problem, Defendant states, is "compounded by" Plaintiff's identification of medical experts

3    that include Dr. Roitman (a retained medical expert, ECF No. 48-1 at 15), Dr. Milford (a "non-

4    retained expert," *id*. at 4), Dr. Garber (a retained treating expert, *id*.), and Dr. Filler (a retained

5    treating expert, *id*. at 7). Defendant then provides long quotes from Plaintiff's Initial Expert

6    Disclosure that describe the testimony of Dr. Roitman and Dr. Garber (ECF No. 58 at 5-6), while

7    providing much shorter descriptions of the proposed testimony to be offered by Drs. Milford and

8    Filler. *Id*. at 6-7.

9          Defendant argues that when the Court denied Defendant's motion seeking to exclude future

10    damages, Defendant "was left with 90 days" to retain an expert and IME. *Id*. at 7. Defendant then

11    spends time discussing how Defendant first believed Plaintiff was going to retain its own expert to

12    conduct neuropsychological testing, then figured out Plaintiff was choosing not to do so after the

13    Court granted Defendant time to obtain an IME, and concluding that it is "patently unfair for Plaintiff

14    to refuse to specify her own damages and then seek to exclude Defendant's evidence because she

15    recently decided upon some alternative, but undisclosed, strategy for claiming future medical

16    expenses." *Id*. at 7-8.

17          Moving to the issue of rebuttal, Defendant states Dr. Etcoff properly rebuts Plaintiff's

18    expert(s), albeit without identifying which expert he rebuts, referencing, without a cite, the Court's

19    June 29, 2020 Order in which the Court rejected Plaintiff's contention that Dr. Etcoff was not a

20    rebuttal expert because "Plaintiff ha[d]… not retained a neuropsychologist." ECF No. 42 at 4.

21    Defendant states that Dr. Etcoff, "having … perform[ed] neuropsychological testing," is able "to

22    determine whether, in fact, there is any evidence supporting Plaintiff's vague claim of brain injuries

23    related to a slip and fall accident." ECF No. 58 at 9. Finally, Plaintiff states that if the Court is

24    inclined to consider Plaintiff's Motion, less severe sanctions are available such as staying "a decision

25    pending a motion in limine on the actual contents of SMITH'S expert report, or direct SMITH'S

26    rebuttal expert to limit all testimony and conclusions in his report to those that specifically rebut

27    conclusions made by Plaintiff's treating physicians and experts … ." *Id*. at 10.

28

On Reply, Plaintiff states that Plaintiff's counsel drafted the "testimony summaries" of Plaintiff's experts and, therefore, Dr. Etcoff cannot rebut these summaries.  ECF No. 61 at 2-3. Plaintiff provides no case law supporting this contention.  Plaintiff reiterates that she did not designate Dr. Fazzini as an expert and, thus, he cannot be rebutted; and, Plaintiff argues that Dr. Etcoff's report goes "beyond mere rebuttal when he diagnosed Plaintiff with '(1) Malingering [of Neurocognitive Dysfunction]; (2) Somatic Symptom Disorder, persistent, moderate; (3) Past History of Physical Abuse in Childhood; (4) Past History of Psychological Abuse in Childhood; (5) Past History of Sexual Abuse in Childhood; (6) Past History of Spouse Violence, Physical; and (7) Past History of Spouse Violence, Sexual.'"  *Id*. at 4 (with no cite to Dr. Etcoff's report).  Plaintiff then contends less drastic sanctions are not appropriate because "the failure to disclose information required by Rule 26(as) [sic]" was not harmless or substantially justified given Defendant's failure to disclose Dr. Etcoff as an initial expert.  *Id*. at 4-5.  Next Plaintiff argues (despite the absence of any motion on this issue) that the Court must still decide whether Dr. Etcoff's "report might be admissible as that of an initial expert."  *Id*. at 5.

**II.    Discussion**

     A.    <u>The Law Pertaining to Retained and Non-Retained Experts.</u>

Federal Rule of Civil Procedure 26(a)(2)(B) and (C) delineate the requirements for retained and non-retained experts.  Rule 26(a)(2)(B) plainly state that "[u]nless otherwise stipulated or ordered by the court, … if the witness is one retained or specially employed to provide expert testimony" the witness must prepare and sign a written report that includes: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."  In comparison, if a witness is not specifically retained to provide expert testimony, such as a treating physician, but is still offered by a party to present expert testimony, the witness need not provide a written report, but the party who intends to present the

witness must make a disclosure that includes: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Rule 26(a)(2)(C) was "added to mandate summary disclosures of the opinions to be offered by the expert . . . and . . . the facts supporting those opinions." *Flonnes v. Property & Cas. Ins. Co. of Hartford*, Case No. 2:12-cv-01065-APG, 2013 WL 2285224, at *2 (D. Nev. May 22, 2013) (citation and internal quote marks omitted).  As explained in *Flonnes*, "a summary is ordinarily understood to be an abstract, abridgement, or compendium."  2013 WL 2285224, at *3 (citation omitted).  As stated in *Alfaro v. D. Las Vegas Inc.*, Case No. 2:15-cv-02190-MMD-PAL, 2016 WL 4473421, at * 11 (D. Nev. Aug. 24, 2016), "[a] treating physician is still a percipient witness of the treatment rendered and may testify as a fact witness and also provide expert testimony under Federal Evidence Rules 702, 703, and 705.  However, with respect to expert opinions offered, a Rule 26(a)(2)(C) disclosure is now required."  Further, "'when a treating physician is transformed into an expert offering testimony on matters beyond the treatment rendered for purposes of Rule 26 disclosures,' a report is required." *Langermann v. Property & Cas. Ins. Co. of Hartford*, Case No. 2:14-cv-00982-RCJ-PAL, 2015 WL 4724512, at *3 (D. Nev. Aug. 10. 20145) *citing Goodman v. Staples, The Office Superstore*, 644 F.3d 817, 825-26 (9th Cir. 2011).  A plaintiff's "boilerplate conclusory description of their anticipated testimony [of a non-retained treating physician expert] is woefully inadequate." *Langermann*, 2015 WL 4724512, at *5.

When an expert is offered to rebut the testimony of either a retained or non-retained medical expert, the "rebuttal opinion is limited to contradicting or rebutting an opinion set forth in the opponent's initial expert disclosure. … The phrase 'same subject matter' should not be read broadly, because if it were to encompass any possible topic that relates to the subject matter at issue, such interpretation will blur the distinction between affirmative expert and rebuttal expert and have unjust results." *Taylor v. Northern Inyo Hospital*, Case No. 1:15-cv-001607-LJO-JLT, 2017 WL 1273840, at *3 (E.D. Cal. Feb. 17, 2017) (internal citations and quote marks omitted).  As stated in *Tuuamalemalo v. Las Vegas Metropolitan Police Dep't.*, Case No. 2:16-cv-00619-JAD-VCF, 2017 WL 1550235, at *1 (D. Nev. Apr. 28, 2017):

1
2
3
4
5
6
7

> Federal Rule of Civil Procedure 26(a)(2)(D)(ii) governs the content of rebuttal experts and states that a rebuttal expert's testimony is limited to testimony that "contradict[s]" or "rebut[s]" evidence on the same subject matter identified by another party.[] … This means that an expert's rebuttal testimony may not introduce new, alternative or previously unconsidered theories. *See United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir.), *cert. denied*, 446 U.S. 939 (1980) ("'The function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party,' and the decision to admit rebuttal testimony 'is entrusted to the sound discretion of the district court.'"); *see also In re Piasecki*, 745 F.2d 1468, 1472 (Fed. Cir. 1984) (stating that rebuttal expert reports must include "a showing of facts supporting the opposite conclusion"). Rebuttal testimony must address the same subject matter and refute the previous expert's conclusions regarding that subject matter.

8
(Some internal citations omitted.)

9       Thus, an expert report "may not advance new arguments for the first time in a reply expert

10
report." *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 591 (N.D. Ill. 2015) (internal citation

11
omitted). Such reports "may cite new evidence and data so long as the new evidence and data is

12
offered to directly contradict or rebut the opposing party's expert." *Helios Software, LLC v.*

13
*SpectorSoft Corp.*, Case No. 12-081-LPS, 2014 WL 4796111, at *3 (D. Del. Sept. 18, 2014) (internal

14
citations omitted); *see also Kleen Prods. LLC*, 305 F.R.D. at 591 (where reply report's additional

15
analysis was in direct response to criticisms from opposing expert and provided further support for

16
original opinions, the reply report was admissible). Moreover, consistent with *Kleen Prods., LLC*,

17
this Court previously stated:

18
19
20
21
22
23

> The fact that Plaintiff's initial experts did not do testing is not a basis to exclude Defendant's expert because he is allegedly not rebutting conclusions reached by the opposing party's experts. In fact, "[s]trict adherence to a rule" that would require a rebuttal expert to rely solely on material used by an initial, opposing expert "is inadvisable." *Van Alfen v. Toyota Motor Sales, U.S.A., Inc.*, Case No. CV 11-08120 JVS(FMOx), 2012 WL 12930456, at *3 (C.D. Cal. Nov. 9, 2012). Further "regardless of whether it could have been included in the expert's initial report, rebuttal expert opinion is proper where it 'explains, repels, counteracts or disproves evidence of the adverse party." *Id.* citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006).

24
ECF No. 46 at 9.

25       Given the above, the questions that must be answered are whether (1) Dr. Etcoff's report

26
goes beyond rebutting the opinions of Plaintiff's experts to possible topics that relates to the subject

27
matters at issue, but which are not addressed by Plaintiff's retained or non-retained experts, and (2)

28

1   Dr. Etcoff may offer rebuttal to medical opinions offered by Dr. Fazzini or any other physician or

2   health care provider listed as a percipient witness by Plaintiff.

3         B.      Analysis of Dr. Etcoff's Report.

4         As stated above, Plaintiff, who seeks to strike Dr. Etcoff as an expert, did not include a copy

5   of his report as an exhibit with her instant Motion.  ECF No. 52.  Instead, the Court had to find Dr.

6   Etcoff's report like a pig searching for truffles, which is not the Court's role nor should it be any

7   parties' expectation that the Court will do so.  *Krause v. Nevada Mutual Ins. Co.*, Case No. 2:12-cv-

8   00342-JCM-CWH, 2014 WL 99178, at * 2 (D. Nev. Jan. 3, 2014) ("judges are not like pigs, hunting

9   for truffles in briefs. Nor are they archaeologists searching for treasure. Put simply, the Court is not

10  obligated to paw over files ... in order to make a party's claim.") (internal citation omitted).

11        Nonetheless, at ECF No. 48-3 at 6, the Court found Plaintiff's submission of Dr. Etcoff's

12  expert report.   The report includes a list of the evidence Dr. Etcoff reviewed, the tests he

13  administered, his behavioral observations of Plaintiff, his interviews of Plaintiff, Plaintiff's test

14  scores, validity results, diagnostic probabilities, diagnostic impressions, a case summary, and other

15  titled sections.  *Id*. at 6-33.  The report also states that Dr. Etcoff was retained to evaluate Plaintiff

16  "and to rebut Dr. Enrico Fazzini's neurological opinions and Dr. Norton Roitman's psychiatric

17  opinions … ."  *Id*. at 6.

18        While Plaintiff argues Dr. Fazzini was not designated as an expert, and therefore Dr. Etcoff

19  cannot rebut any of Dr. Fazzini's opinions, this bright line rule suggested by Plaintiff is not quite

20  accurate.  As the Court thoroughly explained in *Alfaro,* 2016 WL 4473421, at *11, "before the 2010

21  amendments to Rule 26(a)(2), the majority of courts held that treating physicians providing opinions

22  on causation, diagnosis, prognosis, and the extent of disability were not required to provide Rule

23  26(a)(2)(B) reports if their opinions were formed during the course of treating their patients.  … The

24  2010 amendments to Rule 26(a)(2) now mandate that non-retained experts, like treating medical

25  providers, who offer opinions based on their 'knowledge, skill, experience, training or education'

26  under Federal Evidence Rules 702, 703, or 705, make the disclosures required by Rule 26(a)(2)(C)."

27  Thus, to the extent Dr. Fazzini, or any other health care provider disclosed by Plaintiff, intends or

28  has offered an opinion based on knowledge, skill, experience, training or education, as opposed to

8

being presented as a percipient fact witness, Plaintiff was required to make timely appropriate disclosures and Dr. Etcoff is free to rebut such opinions unless such opinions, if any, are struck in the future.

Specifically, with respect to Dr. Fazzini, Dr. Etcoff says nothing other than noting a review of his records.  Further, neither Plaintiff's instant Motion (ECF No. 52), nor her prior motion that includes 345 pages of exhibits, offers Dr. Fazzini's records to the Court.  Plaintiff also does not summarize Dr. Fazzini's findings except to state that he is Plaintiff's treating doctor who apparently diagnosed Plaintiff with an accident-related neurocognitive disorder.  ECF No. 52 at 5 and n.16.  However, as stated above, the fact that Plaintiff did not designate Dr. Fazzini as an expert does not necessarily equate to the finding that he has offered no opinions based on information beyond those arising from his examinations and treatment of Plaintiff.  Unfortunately, despite the addition of Rule 26(a)(2)(C), Defendant spent no time explaining why any of the information offered by Dr. Fazzini should be treated as non-retained expert opinion and therefore subject to rebuttal.  ECF No. 58.

Without the benefit of any of Dr. Fazzini's records, an analysis of Dr. Fazzini's opinions or the basis for those opinions, the Court has no way of determining whether any of Dr. Etcoff's opinions rebut Dr. Fazzini's opinions that may fall within the realm of Fed. R. Civ. P. 26(a)(2)(C).  This was Plaintiff's Motion to Strike/Exclude Dr. Etcoff as a rebuttal expert.  Plaintiff has provided nothing other than conclusions to support that motion with respect to rebuttal of Dr. Fazzini.  For this reason, Plaintiff's Motion to Strike Rebuttal of Dr. Fazzini cannot be granted at this time.

With respect to Dr. Roitman, who was disclosed as a retained expert, the Court notes that he has not produced a report fully compliant with Rule 26(a)(2)(B).  The December 15, 2019 disclosure is therefore subject to potential future motion practice, and any supplement to Dr. Roitman's initial disclosure offered by Plaintiff now, more than a year after his initial report was issued, may also be subject to exclusion.  ECF No. 48-2 at 3.[3]  Moreover, if Dr. Etcoff's report is struck by the Court as

---

[3]     Plaintiff's Initial Disclosure of Experts states Dr. Roitman will "give expert opinions regarding the treatment of Plaintiff, the necessity of the treatment rendered, the causation of the necessity for past and future medical treatment, his expert opinion as to past and future restrictions of activities, including work activities, caused by the fall, … the cost of past and future medical care and whether those medical costs fall within the ordinary and customary charges for similar medical care and treatment, and whether Plaintiff has a diminished work life expectancy, work capacity, and/or life expectancy as a result of the fall."  Dr. Roitman did none of these things in his single page letter dated December 15, 2019.  ECF No. 48-2 at 3.

1   Plaintiff requests, then Dr. Roitman's August 26, 2020 rebuttal to Dr. Etcoff is also subject to being

2   struck upon a motion seeking the same not only because there is no longer anything to rebut, but

3   because Fed. R. Civ. P. 26(a)(2) does not allow for a rebuttal to a rebuttal report.  *See id.* and ECF

4   No. 48-1 at 15 (stating Dr. Roitman "will organize … [his] correspondence in accordance with

5   several points during my review of Dr. Etcoff's rebuttal.").

6         However, to the extent Dr. Roitman issued an opinion in his December 15, 2019 letter, and

7   that letter is not yet the subject of motion practice, Dr. Etcoff is free to rebut the same.  To this end,

8   the Court finds Dr. Roitman did opine as follows: "As she presents, Ms. Freteluco's symptoms can

9   be explained as manifestations of an acquired, accident-related neurocognitive disorder that unifies

10  her complaint that onset after the fall at Smith's."  ECF No. 48-2 at 3.  The undersigned is not a

11  medical doctor or neuropsychologist.  However, because the Court is called upon to make a decision

12  regarding Plaintiff's Motion, the Court did a thorough analysis of the opinion expressed in Dr.

13  Roitman's December 15, 2019 letter in comparison to the information and opinions offered in Dr.

14  Etcoff's Report.[4]

15        The referral information, records reviewed, list of tests, informed consent, behavioral

16  observations, examinee interview, and test scores categories, found at ECF No. 48-3 at 6-17,

17  provides background information gathered by Dr. Etcoff.  These sections of Dr. Etcoff's report do

18  not appear to express any rebuttal or initial expert opinions, and thus are not struck.  With respect to

19  Dr. Etcoff's information and opinions regarding Plaintiff's "Performance Validity Testing," the

20  information appears related to and, thus, rebuttal to Dr. Roitman's determination that Plaintiff's

21  symptoms are explainable "as a manifestation of an acquired, accident-related neurocognitive

22  disorder."  Regarding Dr. Etcoff's opinions expressed in the "Symptom Validity Test Results," these

23  relate to whether Plaintiff reports symptoms accurately and therefore properly rebut Dr. Roitman's

24  opinion.   The   "Verbal   Comprehension,"   "Visual   Perceptual   Reasoning,"   "Working

25  Memory/Attention and Concentration," "Verbal Memory," "Visual Memory," "Battery for Health

26  Improvement – 2" sections, and diagnoses of Malingering and Somatic Symptom Disorder are

27  _____

    [4]      With respect to the conclusions reached regarding what is rebuttal and what must be struck in Dr. Etcoff's
28  Report and precluded from future testimony, the Court is open to further briefing by the parties that provides analysis
    and support for conclusions reached rather than unsupported statements that fail to enlighten the Court.

rebuttal to Dr. Roitman's opinion that Plaintiff suffers from neurocognitive disorder. Therefore, these sections also are not be struck. In contrast, "Motor Functioning," "Information Processing Speed," "Academic Skill" and "Overall Intellectual Abilities" sections of Dr. Etcoff's report do not appear to relate to Dr. Roitman's single opinion regarding Plaintiff. These sections, and the findings therein, are struck. The Court also finds the Minnesota Multiphasic Personality Inventory goes beyond the opinion issued by Dr. Roitman and is struck. Likewise, the Diagnostic Impression (DSM-5/ICD-10) pertaining to past history of physical abuse in childhood, psychological abuse in childhood, sexual abuse in childhood, spouse violence, physical, and spousal sexual violence are diagnoses that do not rebut or respond to any diagnosis given by Dr. Roitman and, therefore, are struck. Finally, any testimony offered by Dr. Etcoff in reliance on any findings not struck by this Order must be limited to rebutting Dr. Roitman's opinion that Plaintiff suffers from "an acquired, accident-related neurocognitive disorder that unifies her complaints" following her fall at Smith's.

**III.   Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike/Exclude Defendant's Rebuttal Expert Lewis M. Etchoff, Ph.D. (ECF No. 52) is GRANTED in part and DENIED in part consistent with the findings above.

IT IS FURTHER ORDERED that consistent with the findings above, Dr. Etcoff's report and any testimony arising therefrom is limited to rebutting whether Plaintiff suffers from "an acquired, accident-related neurocognitive disorder that unifies her complaints" following her fall at Smith's as stated by Dr. Roitman in his December 15, 2019 letter.

IT IS FURTHER ORDERED that Plaintiff's Motion is DENIED *without prejudice* as to striking or excluding Dr. Etcoff's rebuttal report and testimony in response to any opinions expressed by Dr. Fazzini. The Court has insufficient information before it to determine if any aspect of Dr. Fazzini's opinions detour from his status as a percipient treating physician witness to a non-retained

expert offering opinions based on his knowledge, skill, experience, training or education under Federal Evidence Rules 702, 703, or 705 and, therefore, whether Dr. Etcoff may offer any rebuttal to such opinions.

DATED this 8th day of January, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE