UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANNA MARIE FRETELUCO,<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., a foreign corporation; DOES 1-10; ROE CORPORAITONS 1-10; inclusive,<br><br>Defendants. | Case No. 2:19-cv-00759-JCM-EJY<br><br><br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Strike/Exclude Plaintiff's Damages for Future Medical Expenses. ECF No. 65. The Court has considered Defendant's Motion, Plaintiff's Response (ECF No. 70), and the Defendant's Reply. ECF No. 72. The Court finds as follows.

**I.  Background**

The striking of Plaintiff's future damages was the subject of a prior hearing, Order, Objection, and Affirmation of the Order by District Judge Mahan. ECF Nos. 35-37, 39, and 47. Defendant argues that the instant Motion is based on new grounds—that the damages are speculative. ECF No. 65 at 2. Defendant states that Plaintiff is no longer treating for her alleged Traumatic Brain Injury ("TBI") because an email sent by Plaintiff's counsel states Plaintiff "has and is receiving all the necessary treatment for her condition." *Id*. at 3 n.5 *citing* Exhibit A. Defendant contends because Plaintiff has allegedly received all the treatment she is ever going to receive for her TBI, the only future treatment Plaintiff may require would be for her neck. *Id*. at 3. According to Defendant, the only evidence Plaintiff provided regarding neck issues arises "from a single visit … with Dr. Jason Garber" in October 2019, at which time "Dr. Garber recommended injections to two levels of Plaintiff's cervical spine." *Id*. Defendant states these injections never took place. *Id*. Neither Dr. Garber, nor any other health care professional, nor retained expert "supports the $500,000 amount of future medical expenses." *Id*. Pointing to Plaintiff's 11th Supplemental Disclosure (the date of which is not clear as the Court has an incomplete copy), Defendant argues that "Plaintiff has never

1

identified any other medical treatment performed after December 17, 2019, nor has she ever indicated what other treatment will be performed in the future to justify claiming $500,000 in future expenses." *Id*. at 4.

Returning to arguments made in several motions prior to the one at bar, Defendant also argues that it was not until Plaintiff's third supplement to her Rule 26 disclosures, on December 12, 2019, that she included estimated "future medical expenses" of $500,000.00. *Id*. at 5. Defendant states Plaintiff does not support this number with a calculation explaining the basis for these future medical costs, and provides no document from a health care provider "setting forth what specific care Plaintiff will require in the future …." *Id*.

Plaintiff, as she has done before, summarizes her medical treatment (ECF No. 70 at 3-5), quotes Fed. R. Civ. P. 26, and states that: (1) Nevada law does not require future damages to be certain until the date of trial; and (2) future damages may be based on testimony at the trial. *Id*. at 6 *citing Yamaha Motor Co. v. Arnoult*, 955 P.2d 661 (Nev. 1998). Plaintiff further argues that, because she continues to treat with physical therapy, neurology, and speech pathology, her future damages "disclosure is just that, an estimate … meant to put the Defense on notice of the fact that Plaintiff expects to have future damages but does not know the exact amount." *Id*. at 7. Plaintiff concludes her Response by stating that the fact that future damages "are still speculative is okay" and that "Plaintiff is not required to follow the Defense's timeline for her medical treatment!" *Id*. (Emphasis in original.)

Defendant replies stating that "future medical expenses must be supported by sufficient and competent evidence … [establishing] a reasonable probability that such expenses will be incurred." ECF No. 74 at 2-3. Distinguishing *Yamaha*, Defendant argues that the plaintiff's experts in that case had opined in reports about the need and basis for future medical treatment; whereas, in this case no expert has offered any opinion, to date, supporting a need for future medical care even approaching $500,000. *Id*. at 3.

**II.   Discussion**

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) states "a party must … provide to the other parties … a computation of each category of damages claimed by the disclosing party—who must

also make available for inspection and copying … the documents or other evidentiary material … on which each computation is based ….." Although initial disclosures are due 14 days after the parties hold an original Rule 26(f) conference, Rule 26(e)(1) allows supplementation of incomplete or incorrect disclosures throughout the discovery process. "The disclosure requirements of Rule 26(a)(1)(A) are designed to accelerate 'the exchange of basic information that is needed in most cases to prepare for trial or make an informed decision about settlement.'" *Jones v. Wal-Mart Stores, Inc.*, Case No. 2:15-cv-1454-LDG-GWF, 2016 WL 1248707, at *3 (D. Nev. Mar. 28. 2016) *citing* Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a). As explained by Judge Foley (Ret.) in *Jones*:

> A plaintiff's computation of damages should provide sufficient detail to enable the defendant to understand the contours of its potential exposure and make informed decisions regarding settlement and discovery … The word computation contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages. … A plaintiff should disclose the basic method or formula by which it contends its damages should or will be calculated even if it cannot identify the specific dollar amount of damages pending further discovery. … The disclosure should be more specific and in greater detail, the closer it is made to the end of discovery and the trial date.

*Id*. (internal citations and quotation marks omitted).

Moreover, keeping common sense in mind, the District of Nevada previously held that "Rule 26(a)(1)(A)(iii) would be rendered meaningless if a party could avoid its requirements by not obtaining the documents or information needed to prepare the damages computation." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011).

Federal Rule of Civil Procedure 37(c)(1) states, in pertinent part, that "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or it harmless." This Rule allow that in place of striking the information from use, a court may grant other sanctions such as an award of attorney's fees and costs, providing the jury with information about the party's failure or any other sanction listed in Rule 37(b)(2)(A)(i)-(vi). "Courts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed." *Martin v. Collier*, Case No. 2:11-cv-00320-LRH-GWF, 2012 WL 2564890, at *2 (D. Nev. July 2, 2012) *citing*

*Jackson*, 278 F.R.D. at 594 (other internal citations omitted). The court in *Martin* also explained that "[t]ypically, a medical expert witness will provide an estimate for the cost of future …[care] that he believes the plaintiff will need as a result of his accident injuries." *Id*. at *3.[1]

The burden is on the disclosing party to demonstrate that the failure to disclose information required to be disclosed by Rule 26 was justified or harmless under Rule 37. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,1107 (9th Cir. 2001). The Ninth Circuit has identified the following factors to be considered by a court when Rule 37(c)(1) sanctions may be granted: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Jones*, 2016 WL 1248707, at *4 *citing Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

In this case, there is no dispute that discovery is closed; Plaintiff's supplemental expert report to cure prior deficiencies is due no later than July 23, 2021; if the report is supplemented, Defendant may depose Plaintiff's expert no later than 30 days thereafter; and, the joint pretrial order is due no later than July 23, 2021 absent an extension of time. ECF No. 76. Importantly, Plaintiff's anticipated supplemental expert report will not opine on future damages. *See id*. Thus, at this stage of proceedings, other than a lump sum number and that Plaintiff continues to treat, Plaintiff has provided no information regarding her estimated $500,000 in future medical damages. There is no report or information that remains due that would shed light on this number. There are also no letters doctors or medical records revealing the basis for the estimated future damages.

Plaintiff appears to claim her failure to provide anything other than a lump sum number is justified and harmless (albeit never using either word, and without citation to the Rule) because future damages only have to be certain as of the date of trial. ECF No. 70 at 6. This claim depends on the Nevada Supreme Court ("NSC") decision in *Yamaha*, which this Court does not read to support Plaintiff's contention. In *Yamaha*, the NSC confirmed that "[a]n award of future medical expenses must be supported by sufficient and competent evidence." 955 P.2d at 671 (citation

---

[1] In *Martin*, the plaintiff provided such an estimate in a supplemental disclosure that was supported by the defendants' expert's estimate. *Id*. The court found, under these circumstances, defendants would not be prejudiced if the plaintiff's expert was allowed to supplement his report by a date certain set by the court. *Id*.

4

omitted). The plaintiff's expert testified to various significant medical issues Plaintiff might suffer as a result of paraplegia, the costs of which was supported by another one of Plaintiff's experts. *Id*. The defendant, Yamaha, argued that "awards of future medical expenses must be supported by medical evidence that there is a reasonable probability that such expenses will be incurred," with which the NSC agreed, but found that because the plaintiff "presented competent medical testimony as to the accrued medical costs sustained as of the date of trial and that her injuries would require recurrent medical attention[,] … the district court did not err in permitting the jury to consider … [plaintiff's] future medical expenses." *Id*.

This holding by the NSC in *Yamaha* did not include a statement or implication that future damages must only be certain at the time of trial. Instead, the NSC found the district court did not err in admitting evidence of reasonably certain future medical expenses supported by sufficient and competent evidence. Further, the Court searched cases citing to the *Yamaha* decision and found none that concluded, as Plaintiff did, that the holding in *Yamaha* stands for the proposition that future damages must only be certain as of the date of trial.

Plaintiff's case was removed to federal court over two years ago (ECF No. 1), and the Court first heard argument on striking future damages in April 2020. ECF No. 36. The disclosure of estimated future damages was first made approximately six weeks before the close of discovery. *Id*. at 6. The Court found substantial justification for the timing of the disclosure and that any prejudice to Defendant was curable through a request for an extension of time to allow Defendant to disclose a rebuttal expert. *Id*. at 24-26. The Court granted Defendant an extension of time to obtain a rebuttal expert and to conduct depositions of experts. *Id*. Now, a year later, Plaintiff's estimate of future damages ($500,000) remains the same, but a computation of those damages, as opposed to the lump sum, has never been provided. Despite the fact that this case is far closer to a trial date than it was in April 2020, Plaintiff provides no greater detail regarding the basis for this number.

These facts lead the Court to be most concerned here with prejudice to Defendant and whether that prejudice can be justified or rendered harmless at this stage of proceedings. With respect to justification, the estimate of future damages Plaintiff seeks ($500,000), an amount known by Plaintiff for over a year, lacks any support in the medical evidence produced to date. That is,

Plaintiff has produced no information that allows the preparation of a defense against this number because the medical basis for the damages number is unknown. There is no description of the type of care Plaintiff may need in the future, let alone the cost of that care.

Nonetheless, perhaps as further justification for Plaintiff's failure, Plaintiff argues she is currently receiving physical therapy, speech pathology, and neurological treatment. But Plaintiff fails to include a description of the anticipated care Plaintiff will receive in the future from these health care providers, how long that care is expected to go on or the cost of that care. Plaintiff does not discuss, or mention, why these professionals are unable to explain Plaintiff's need for future care or estimate the cost of that care. While Plaintiff argues this will be made clear before the trial, or at trial through testimony, the element of surprise, relevant to harmfulness must be considered by the Court. *See R & R Sails, Inc. v. Insurance Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) *citing S. States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592, 597-98 (4th Cir. 2003) (discussing the issue of surprise when considering a violation of Rule 37(c)(1)); *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017) (citation omitted) ("[s]everal factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered").

Neither party addresses the impact of prejudice or surprise on these proceedings. Neither party discusses whether this prejudice or surprise can still be cured and, if so, how. It is true that assuming Plaintiff's deficient disclosure is capable of cure, the cure will delay proceedings as one or more of Plaintiff's experts will have to opine on Plaintiff's future medical needs, leading Defendant to potentially seek an opportunity to rebut the new opinion(s), followed by depositions of the various expert opinions disclosed. Yet, in the absence of either party discussing these potentialities, the Court can only make assumptions.

The Court notes that excluding Plaintiff's future damages would not deal a case-ending blow to Plaintiff's claims as her actual and compensatory damages remain admissible. *Distinguish R & R Sails, Inc.*, 673 F.3d at 1247 (in which the Court found exclusion of compensatory damages evidence also barred punitive damages, dealing a "fatal blow to plaintiff's entire claim for damages," amounting "to the dismissal of a claim" thus requiring a demonstration of willfulness, fault or bad

faith). This outcome militates in favor of the Court issuing an order based on Plaintiff's failures and prejudice to Defendant. However, the public's interest in disposing of case on the merits militates in favor of denial of Defendant's Motion without prejudice allowing the parties to consider the issues raised herein, after which Defendant may renew its motion, if necessary, through a motion to strike or a motion *in limine*.

In sum, while the Court is loathe to punt the dispute over introduction of future damages to a later date, the Court finds it advantageous for the parties to re-evaluate their positions given the standard set forth in Rule 37(c)(1) (substantial justification or harmfulness) and *Wendt* (five elements the Court considers when deciding a motion to strike) that neither discuss.

### III. Order

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Strike/Exclude Plaintiff's Damages for Future Medical Expenses (ECF No. 65) is DENIED <u>without prejudice</u>.

IT IS FURTHER ORDERED that the parties confer in an attempt to resolve the issues presented based on the applicable law discussed above.

IT IS FURTHER ORDERED that Defendant may renew its Motion to Strike or file a Motion in Limine to address the standard and case law addressing the standard set forth in Rule 37(c)(1) after a good faith attempt to resolve the issues is made.

DATED this 13th day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE