JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
1835 Village Center Circle
Las Vegas, Nevada  89134
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANNA MARIE FRETELUCO,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., a foreign corporation; DOES 1-10; ROE CORPORATIONS 10-10; inclusive<br><br>Defendants. | Case No. 2:19-cv-00759-JCM-GWF<br><br>**JOINT PRETRIAL ORDER** |

Following pretrial proceedings in this cause,

IT IS ORDERED:

**I.**

**NATURE OF THE ACTION**

This is an action for: Personal injuries sustained by Plaintiff from an alleged slip and fall accident at SMITH'S Store #372 located at 1421 North Jones Boulevard, Las Vegas, Nevada on July 7, 2017. Plaintiff seeks damages that she claims are related to the accident at SMITH'S.

PARTIES:

Plaintiff: ANNA MARIE FRETELUCO

Defendant: SMITH'S FOOD & DRUG CENTERS, INC.

RELIEF SOUGHT:

CLAC 6445891.1

Plaintiff seeks general damages for pain, suffering, and special damages for medical expenses incurred and to be incurred in the future.

CONTENTIONS OF PARTIES:

Plaintiff contends that Smith's was negligent.

Plaintiff contends she was injured in the accident which proximately caused her to incur past and future medical damages.

Defendant denies Plaintiff's allegation and contends that Plaintiff's fall was the result of her own actions and not the result of any negligence on the part of Defendant.

In the alternative, Defendant further contends that if it was negligent, Plaintiff was also negligent and that Plaintiff's negligence exceeds the alleged negligence of Defendant and/or that Defendant is entitled to an offset on damages for any negligence attributed to Plaintiff.

Defendant further contends that the injuries claimed by Plaintiff were not proximately caused by the incident at Smith's and that Plaintiff failed to mitigate her damages.

## II.

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

## III.

## FACTS ADMITTED BY THE PARTIES AND REQUIRE NO PROOF

1. Plaintiff resides in Las Vegas, Nevada.
2. Defendant is a resident of Ohio, the State in which it is incorporated and has its principle place of business in Utah.

## IV.

## FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY

1. Plaintiff was at Smith's Store No. 372 located at 1421 North Jones Boulevard, Las Vegas, Nevada on July 7, 2017.

///

///

CLAC 6445891.1

# V.

## ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL

1. Whether Plaintiff was negligent;
2. Whether Plaintiff's negligence proximately caused Plaintiff's injuries;
3. Whether Defendant was negligent;
4. Whether Defendant's negligence proximately caused Plaintiff's injuries;
5. The nature and extent of any injuries proximately caused by the accident concerned herein;
6. The nature and extent of Plaintiff's preexisting medical conditions;
7. Whether Plaintiff's treatment for her alleged injuries and the charges related thereto are reasonable and customary;
8. Whether Plaintiff's alleged damages meet the legal standard for admission at trial;
9. Whether the incident at Smith's proximately caused the injuries claimed by Plaintiff in this case;

# VI.

## ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL

1. Whether Smith's acted negligently;
2. Whether Plaintiff acted negligently;
3. Whether Smith's breached any duty of care owed to Plaintiff;
4. Whether Plaintiff's damage claims are recoverable pursuant to the requirements of the law.
5. Whether Plaintiff can sustained her burden of proving damages pursuant to the requirement of the law.
6. All pending motions have been decided and are being redressed by the moving party.

# VII.

## EXHIBITS

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

3

CLAC 6445891.1

    (1) Plaintiff's exhibits: None stipulated to at this time.

    (2) Defendant Smith's exhibits: None stipulated to at this time.

  (b) As to the following additional exhibits the parties have reached the stipulations stated:

    (1) Plaintiff's exhibits: None stipulated to at this time.

    (2) Defendant Smith's exhibits: None stipulated to at this time.

  (c) As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:

The parties reserve the right to object to exhibits.

**Plaintiff's exhibits**:

1. Records and billing from Mountain View Hospital
2. Billing from Fremont Emergency Services
3. Billing from Radiology Specialists
4. Records and billing from Dr. Victoria
5. Records and billing from Dr. Dixit
6. Records and billing from Steinberg Diagnostics
7. Records and billing from Southwest Medical Associates
8. Records and billing from Dr. Mahajan
9. Records and billing from Dr. Khavkin
10. Records and billing from Fyzical Therapy
11. Records and billing from Dr. Milford
12. Records and billing from Dr. Ismail
13. Records and billing from Desert Valley Therapy/ATI
14. Records and billing from Dr. Garber
15. Records and billing from Dr. Fazzini
16. Records and billing from Fyzical Therapy
17. Records from Speech Therapy Associates

4

18. Sales information from Anti Slip Protection USA regarding slip resistant coating that defense counsel referred to as pixie dust

19. Sales information from Slip Doctors regarding slip resistant coating that defense counsel referred to as pixie dust

20. Sales information from Slip Resistant Solutions regarding slip resistant coating that defense counsel referred to as pixie dust

21. Sales information from National Sealing regarding slip resistant coating that defense counsel referred to as pixie dust

22. Records and billing from Dr. Rosenman

23. Records and billing from First Physical Therapy

24. Expert reports from Dr. Garber

25. Expert reports from Dr. Filler

26. Expert reports from Dr. Roitman

27. Expert reports from John Peterson

<u>Defendant's objections</u>: Defendant objects to any documents that were not timely disclosed during discovery and reserves any and all other exhibits until the time of trial. At this time, Defendant objects to Plaintiff's exhibits on the following basis:

1. Defendant objects to Plaintiff's exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23 on the grounds of relevance, foundation, authenticity and hearsay.

2. Defendant objects to Plaintiff's exhibits 24, 25, 26 and 27 on the grounds of hearsay, irrelevant, foundation and subject to limiting order from this Court.

**Defendant's Exhibits**:

1. Incident Report (DEF-0000001 – DEF-0000003);
2. Customer Statement (DEF-0000004 – DEF-0000005);
3. Witness Statement – Tyler Freteluco (DEF-0000006);
4. Witness Statement – Deborah Overweg (DEF-0000007);
5. Witness Statement – Brandie Batalona (DEF-0000008);
6. Evidence Report (DEF-0000009 – DEF-0000011);
7. Sweeps/Floor Inspection Report (DEF-0000012);

5

CLAC 6445891.1

8. Letter from Scott P. Guido, Esq. to Sedgwick CMS, dated July 19, 2017 (DEF-0000013);

9. Letter from Sedgwick CMS to Scott P. Guldo, Esq. dated July 24, 2017 (DEF-0000014);

10. Letter from Sedgwick CMS to Scott P. Guldo, Esq. dated September 6, 2017 (DEF-0000015);

11. Letter from Scott P. Guido, Esq. to Sedgwick CMS, dated October 13, 2017 (DEF-0000016);

12. Letter from Scott P. Guido, Esq. to Sedgwick CMS, dated October 27, 2017 (DEF-0000017);

13. Letter from Catherine Hernandez, Esq. to Sedgwick CMS, dated December 12, 2017 (DEF-0000018);

14. One (1) compilation DVD from the day of the incident: 30178189861 – Anna Freteluco – Date of Loss: 07/07/17 – Store 372 -- DXA Files (1 of 1);

15. Expert reports of Louis Etcoff;

16. Expert reports of Mark Winkler;

17. Expert reports of Daniel Grant;

18. Video of Plaintiff's deposition;

19. Diagram of the SMITH'S Store;

In addition to documents specifically listed above, Defendant may offer into evidence records produced in this litigation documenting Plaintiff's medical condition before and after the incident at SMITH'S. In addition, Defendant reserves the right to utilize any or all of the medical evidence disclosed and/or produced by Plaintiff and by Plaintiff's experts during this litigation. Below is a list of some medical records that Defendant may offer into evidence at trial:

1. ATI Physical Therapy (ATI-0000001 – ATI-0000105);
2. Fyzical Therapy & Balance Centers (FT-0000001 – FT-0000058);
3. Khavkin Clinic (KC-0000001 – KC-0000019);
4. Las Vegas Neurology Center (LVN-0000001 – LVN-0000021);
5. Quest Diagnostics (QD-0000001 – QD-0000019);
6. Soluna Family Medicine (SFM-0000001 – SFM-0000076); and
7. Southwest Medical Associates (SMA-0000001 – SMA-000
8. Silver State Neurology (SSN-0000001 – SSN-0000280).
9. ATI Physical Therapy (ATI-0000106 – ATI-0000288);
10. LVNI Center for Spine and Brain Injury (LVNI-0000001 – LVNI-0000065);
11. Eugene Roseman, M.D. (ER-0000001 – ER-0000008); and
12. Soluna Family Medicine (SFM-0000077 – SFM-0000084).
13. Enrico Fazzini, D.O. (EF-0000001 – EF-0000006); and
14. Speech Therapy Associates (STA-0000001 – STA-0000014).

6

CLAC 6445891.1

15.     Steinberg Diagnostic Medical Imaging Centers (SDM-0000001 – SDM-0000091).

Defendant also specifically reserves the right to utilize portions of the expert reports of Plaintiff's experts. Defendant also reserves the right to use medical records and any other documents produced by Plaintiff during discovery and any exhibits to depositions.

In addition, Defendant reserves the right to use any other documents needed to rebut or impeach evidence offered by Plaintiff at trial.

Plaintiff's objections: To be determined. Plaintiff objects to any documents that were not timely disclosed during discovery and reserves any and all other exhibits until the time of trial. At this time, Plaintiff objects to Defendant's exhibits on the following basis:

1. Plaintiff objects to Defendant's exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 14, 15, 16, 17 and 19 on the grounds of hearsay, relevance, foundation and authenticity.

2. Plaintiff has no objection to Exhibit 18.

(d)     Electronic evidence: The parties anticipate utilizing the court's electronic evidence display system. The parties do not anticipate utilizing native electronic evidence but will be displaying video electronically. This includes the presentation of video electronically to the jury for deliberations. The parties will coordinate with the courtroom administrator as contemplated by the Local Rules.

(e)     Depositions:

Plaintiff does not anticipate offering any depositions unless a witness becomes unavailable at the time of trial. Plaintiff reserves the right to use any deposition at trial for purposes of impeachment.

Defendant does not anticipate offering any depositions unless a witness becomes unavailable at the time of trial. Defendant reserves the right to use any deposition at trial for purposes of impeachment.

## VIII.
## WITNESSES

The following witnesses may be called by the parties upon trial:

(a)     **Plaintiff's Witnesses**:

///

1. Anna Freteluco
c/o The Galliher Law Firm
1850 E. Sahara Avenue, Ste. 107
Las Vegas, Nevada 89104

2. Tyler Freteluco
c/o The Galliher Law Firm
1850 E. Sahara Avenue, Ste. 107
Las Vegas, Nevada 89104

3. Roger Gough
Construction Manger Smiths Food and Drug Centers, Inc.
1550 South Wood Road
Salt Lake City, Utah 84104

4. Christopher Milford, M.D.
Silver State Neurology
2575 Montessouri Street, Ste. 110
Las Vegas, Nevada 89117

5. Jason Garber, M.D.
LVNI Center for Spine and Brain Surgery
3012 S. Durango Drive
Las Vegas, Nevada 89117

6. Barbara Schwarts, M.S. CCC-SLP
Speech Therapy Associates
501 S. Rancho Drive, Ste. I-60
Las Vegas, Nevada 89106

7. Enrico Fazzini, M.D.
201 N. Pecos Road
Henderson, Nevada 89074

8. Aaron Filler, M.D.
Neurography Institute
2716 Ocean Park Blvd., Ste. 1007B
Santa Monica, CA 90405

9. Norton A. Rotiman, M.D.
2340 Paseo Del Prado, D307
Las Vegas, Nevada 89102

10. John Peterson
Retail Litigation Consultants
6620 Buckskin Avenue
Las Vegas, Nevada 89108

CLAC 6445891.1

11. Travis Childers
c/o Smith's Store No. 355
450 North Nellis Boulevard
Las Vegas, Nevada 89110

12. Deborah Overweg
Cashier Smith's Food and Drug Centers, Inc.
c/o Smiths Store No. 372
1412 North Jones Boulevard
Las Vegas, Nevada 89107

13. Brandi Batalona
c/o Smith's Store No. 372
1412 North Jones Boulevard
Las Vegas, Nevada 89107

14. Mayra Corona
c/o Smiths Store 372
1412 North Jones Boulevard
Las Vegas, Nevada 89107

15. Store Director or other Knowledgeable Representative of Smiths
c/o Cooper Levenson P.A.
3016 W. Charleston Blvd. Ste. 195
Las Vegas, Nevada 89102

16. Toby Freteluco
6363 Clarice Avenue, Bldg. 15, Apt. 240
Las Vegas, Nevada 89107

17. Teddy Freteluco
6363 Clarice Avenue, Bldg. 15, Apt. 240
Las Vegas, Nevada 89107

18. Timothy Charles Killian
1611 Buffalo Trail Drive
Henderson, Nevada 89014

(b) **Defendant's Witnesses**:

1. Anna Marie Freteluco, Plaintiff
c/o GALLIHER LAW FIRM
1850 East Sahara Avenue, #104
Las Vegas, Nevada 89107
(702) 735-0049

2. Tyler Freteluco
c/o GALLIHER LAW FIRM
1850 East Sahara Avenue, #104
Las Vegas, Nevada 89107
(702) 701-1745

9

CLAC 6445891.1

3. Travis Childers
c/o Smith's Store No. 355
450 North Nellis Boulevard
Las Vegas, NV 89110
(702) 452-4718

4. Deborah Overweg
c/o Smith's Store No. 372
1421 North Jones Boulevard
Las Vegas, NV 89107
(702) 631-1932

5. Brandie Batalona
c/o Smith's Store No. 372
1421 North Jones Boulevard
Las Vegas, NV 89108
(702) 631-1932

6. Mayra Corona
c/o Smith's Store No. 372
1421 North Jones Boulevard
Las Vegas, NV 89108
(702) 631-1932

7. Store Director or other Knowledgeable Representative of SMITH'S
c/o COOPER LEVENSON, P.A.
3016 West Charleston Blvd. #195
Las Vegas, NV 89102
(702) 366-1125

8. Toby Freteluco
6363 Clarice Avenue – Building 15 – Apt. 240
Las Vegas, NV 89107
Unknown

9. Teddy Freteluco
6363 Clarice Avenue – Building 15 – Apt. 240
Las Vegas, NV 89107
Unknown

10. Timothy Charles Killian
1611 Buffalo Trail Drive
Henderson, NV 89014
Unknown

11. Lewis Etcoff, Ph. D.
8475 South Eastern Avenue, Suite 204
Las Vegas, NV 89123
(702) 876-1977

12. Mark Winkler
8 Morning Sky Lane
Las Vegas, NV 89135
(702) 595-6712

CLAC 6445891.1

13. Christopher Grubbs, P.E.
    and/or Daniel S. Grant R.A., NCARB, CXLT, DPSI
    6001 South Decatur Boulevard, Suite P
    Las Vegas, NV 89118
    (702) 304-1508

Defendant reserves the right to call any of the healthcare providers identified by either party during this litigation as a witness. Defendant may also call healthcare providers, including their custodians of records, if needed to impeach or rebut evidence presented by Plaintiff. Below is a list of some providers that Defendant may call to testify.

1. Person Knowledgeable from ATI Physical Therapy;
2. Person Knowledgeable from Fyzical Therapy & Balance Centers;
3. Yevgeniy Khavkin, M.D. or his PMK/COR;
4. Person Knowledgeable from Las Vegas Neurology Center;
5. Person Knowledgeable from Quest Diagnostics;
6. Person Knowledgeable from Soluna Family Medicine;
7. Person Knowledgeable from Southwest Medical Associates;
8. Person Knowledgeable from Silver State Neurology;
9. Christopher Milford, M.D. or his PMK/COR;
10. Person Knowledgeable from LVNI Center for Spine and Brain Injury;
11. Person Knowledgeable from Eugene Roseman;
12. Person Knowledgeable from Soluna Family Medicine;
13. Enrico Fazzini, D.O. or his PMK/COR;
14. Person Knowledgeable from Speech Therapy Associates;
15. Person Knowledgeable from Steinberg Diagnostic;
16. Christopher Milford, M.D.;
17. Jason Garber, M.D.;
18. Barbara Schwarts, M.S. CCC-SLP;
19. Norton A. Rotiman, M.D.

Defendant also reserves the right to call any witness identified by Plaintiff during this litigation. Further, Defendant reserves the right to call any witness listed in Plaintiff's list of witnesses. Finally, Defendant reserves the right to call witnesses necessary to rebut evidence adduced by Plaintiff at trial.

Plaintiff also reserves the right to call any witness identified by Plaintiff during this litigation. Further, Plaintiff reserves the right to call any witness listed in Defendant's list of witnesses. Finally, Plaintiff reserves the right to call witnesses necessary to rebut evidence adduced by Defendant at trial.

## IX.

## **AGREED-UPON TRIAL DATES**

Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:

CLAC 6445891.1

(1) March 7, 2022;

(2) April 11, 2022; and

(3) May 23, 2022.

It is expressly understood by the undersigned that the court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## X.

## NUMBER OF ESTIMATED DAYS FOR TRIAL

It is estimated that the trial herein will take a total of 7 - 10 days.

Respectfully submitted this 23rd day of July, 2021.

| GALLIHER LAW FIRM | COOPER LEVENSON, P.A. |
|---|---|
| /s/ Keith E. Galliher, Jr. | /s/ Jerry S. Busby |
| KEITH E. GALLIHER, JR., ESQ. | JERRY S. BUSBY, ESQ. |
| Nevada Bar No. 000222 | Nevada Bar No.001107 |
| 1850 East Sahara Avenue, #107 | 3016 W. Charleston Blvd. #195 |
| Las Vegas, Nevada 89104 | Las Vegas, Nevada 89102 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| ANNA MARIE FRETELUCO | SMITH'S FOOD & DRUG CENTERS, INC. |

## XI.

## ACTIONS BY THE COURT

This case is set down for ~~court~~/jury trial on the ~~fixed~~/stacked calendar on June 6, 2022 at 9 AM. Calendar call will be held on June 1, 2022 at 1:30 PM.

DATED August 2, 2021.

_____
UNITED STATES DISTRICT JUDGE

CLAC 6445891.1

# Warner Stacy

| | |
|---|---|
| **From:** | Busby Jerry S. |
| **Sent:** | Friday, July 23, 2021 1:47 PM |
| **To:** | 'Keith Galliher' |
| **Cc:** | Rutkowski Theresa H.; Warner Stacy; Kraemer, Gregory A. |
| **Subject:** | RE: Freteluco Joint Pre Trial Order |

**From:** Keith Galliher [mailto:KGalliher@galliherlawfirm.com]
**Sent:** Friday, July 23, 2021 1:35 PM
**To:** Busby Jerry S.
**Subject:** RE: Freteluco Joint Pre Trial Order

**\*\*\* External Sender - Please Exercise Caution\*\*\***

Approved. You may esign for me. Thanks.

1